UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN WORK ADVENTURES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KARTHIK MURUGIAN, et al.,<br><br>Defendants. | Case No. 21-cv-00084-JSC<br><br>**ORDER RE: EX PARTE APPLICATION FOR SERVICE BY ALTERNATIVE MEANS**<br><br>Re: Dkt. No. 9 |

Before the Court is Plaintiffs' application for an order for service of process by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). (Dkt. No. 9.) After careful consideration of Plaintiffs' briefing, the Court DENIES the application without prejudice.

**BACKGROUND**

This application arises from an action regarding Defendants' alleged misappropriation of trade secrets, unfair business practices, and breach of contract. (Dkt. Nos. 1, 9 at 2 ¶ 2.) Plaintiffs allege that Defendant OptiSol Business Solutions ("Optisol") breached its contractual agreement with American Work Adventures, Inc. ("AWA"). AWA is a sponsor of the State Department's Summer and Work Travel Program ("Travel Program") that allows international students to work in the United States for up to 4 months. (Dkt. No. 1 at 2-3 ¶ 7.) AWA hired Optisol to adapt AWA's existing FileMaker database that tracks AWA's relationships and interactions between "Partners, Students, Host Families, Host Employers[,] the US State Department" and other information related to the Travel Program to an "online web-based format." (*Id.* at 4 ¶ 10.) The complaint alleges that Optisol breached this agreement by—while developing its online database for AWA—using AWA's own intellectual property, developing and marketing a competing database, as well as that Optisol misappropriated AWA's trade secrets. (*Id.* at ¶¶ 21, 28, 46, 57.)

Karthik Murugian is Optisol's Chief Executive Officer. (*Id.* at 2 ¶ 4.) Optisol is a sole proprietorship with its principal office located in India. (Dkt. Nos. 1 at 2 ¶ 4, 9 at 2 ¶ 3.) Plaintiffs attempted to serve Defendants using international process serving company International Service, but on January 8, 2021 International Service informed Plaintiffs it could only serve Defendants through the Hague Convention. (Dkt. No. 9 at 3 ¶ 9.) Plaintiffs then attempted to serve Defendants at two locations in the United States where Defendants previously did business, but were informed that Defendants no longer resided at one location and were "unknown" at the other. (*Id.* at 3 ¶¶ 10-11.) Following this, Plaintiffs' counsel sent Defendants "[the] pleadings by mail with a Notice and Acknowledgement (NOA)" on February 2, 2020, and gave Defendants 10 days to return the NOA to counsel's office "to avoid further legal action." (Dkt. Nos. 9 at 3 ¶ 12, 9-2 at 2.) Counsel sent the same documents and information to Defendants by e-mail on February 4, 2020, requesting the NOA be returned within 10 days. (Dkt. Nos. 9 at 3 ¶ 13, 9-3 at 2.) On February 10, 2021, Mr. Murugian responded to Plaintiffs' counsel "acknowledge[ing] that we have received the details of the lawsuit filed against us[,]" and that Mr. Murugian was "discussing with [his] legal team [their] available options." (Dkt. No. 9-4 at 2.) Mr. Murugian concluded in his e-mail to Plaintiffs' counsel that he "[would] circle back on the NOA." (*Id.*)

On February 18, 2021, Plaintiffs' counsel e-mailed Mr. Murugian stating that if he did not receive the NOA by February 19, 2021—the following day—that he would "take further legal action." (Dkt. Nos. 9 at 3 ¶ 15, 9-5 at 2.) Plaintiffs filed this application on February 22, 2020. (Dkt. No. 9.)

**DISCUSSION**

**I.     Legal Standard**

Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an individual in a foreign country. Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of service is not prohibited by an international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted). "However, the fact that an alternative

2

1   method of service is not prohibited by international agreement does not mean that the plaintiff is
2   entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255,
3   257–58 (N.D. Cal. 2018). It is within a court's "sound discretion" to determine whether "the
4   particularities and necessities of a given case require alternate service of process under Rule
5   4(f)(3)." *Rio Properties*, 284 F.3d at 1016.

**II.     Rule 4(f)(3) Application**

Plaintiffs argue that alternative service by electronic mail is proper, given "previous efforts to formally serve" Defendants and the "reasonable nature" of this alternative method for service. (Dkt. No. 9 at 7.) The Court disagrees.

Mr. Murugian communicated directly with Plaintiffs' counsel that he received counsel's e-mail, and that he would "circle back" regarding the NOA after consulting with his legal team. (Dkt. No. 9-4 at 2.) While Mr. Murugian had not responded to counsel when counsel sent his February 18, 2021 e-mail, that e-mail nonetheless provided Mr. Murugian with only 1 day to reply before counsel stated he would take "further legal action." (Dkt. No. 9-5 at 2.) Counsel's e-mail made no inquiry into whether Mr. Murugian had yet consulted with his legal team, or when he could expect a response regarding the NOA. In fact, Mr. Murugian's legal consultation is entirely appropriate, given that India's status as a Hague Convention member state could preclude alternative methods of service entirely. *See Rio Properties*, 284 F.3d at 1015 n.4 ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1).") As such—and given that Mr. Murugian has communicated directly with counsel regarding the NOA—the "particularities and necessities" of this case do not warrant alternative means otherwise authorized by Federal Rule of Civil Procedure 4(f)(3). *Id.* at 1016.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' application to serve Defendants by alternative means is DENIED without prejudice.

This Order disposes of Dkt. No. 9.

3

**IT IS SO ORDERED.**

Dated: March 1, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge