UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN WORK ADVENTURES, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KARTHIK MURUGIAN, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-00084-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 42 |

Plaintiffs, American Work Adventures and its chief executive officer, Mary Kass, move for default judgment against Defendants, Karthik Murugian and OptiSol Business Solutions. Having reviewed the papers submitted in support of Plaintiffs' request for default judgment, the Court orders Plaintiffs to submit additional briefing in support of its Motion for Default Judgment.

## BACKGROUND

American Work Adventures ("AWA") is a corporation based in Petaluma, California designated by the United States Department of State to sponsor the Summer Work and Travel J-1 Visa Program ("Travel Program"). (Dkt. No. 1 ¶¶ 3, 7.)[1] AWA's chief executive officer, Mary Kass ("Kass"), hired Defendants to design and develop an online database ("SAM") to administer the Travel Program. (*Id.* ¶¶ 10, 13.) Defendants are OptiSol Business Solutions ("OptiSol"), a sole proprietorship engaged in database development, and its chief executive officer, Karthik Murugian. (*Id.* ¶ 4.) Both Defendants are located in India. (*Id.*)

On March 15, 2013, AWA and OptiSol entered into a Client Vendor Agreement where OptiSol would be brought in on a "work for hire" basis to design and develop AWA's SAM

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  database. (*Id.* ¶¶ 10, 12.)  The SAM database is central to AWA's operations: it "defines the
2  company's relationships and interactions between partners, students, host families, host
3  employers, the United States State Department, as well as many other elements."  (Dkt. No. 1 ¶
4  10.)  These procedures were developed and implemented by Kass during AWA's years of
5  existence and is the culmination of Kass's experience in the J-1 visa work program sponsor
6  industry.  (*Id.*)

7  Plaintiffs maintain that Defendants' J1ffy database was created using information
8  disclosed to Defendants in their work on the SAM database.  (Dkt. No. 43 at 9 ¶¶ 31, 32.)
9  Plaintiffs allege misappropriation of trade secrets, unfair business practices, and breach of contract
10 by the Defendants.  (Dkt. No. 1 at 15-17.)  After Defendants failed to appear or otherwise defend
11 against this matter, default was entered against OptiSol on October 6, 2021 and Karthik Murugian
12 on October 14, 2021.  (Dkt. Nos. 30, 35.)  Plaintiffs now move for default judgment and are
13 seeking a permanent injunction against Defendants and any of their associated businesses,
14 reservation of jurisdiction regarding monetary damages, attorney's fees in the amount of
15 $29,904.00, and costs in the amount of $2,043.19.  (Dkt. No. 42 at 2; Dkt. No. 43 at 2 ¶ 5.)

## DISCUSSION

### I. Service of Process

A court may exercise power over a named defendant only upon service of process or waiver.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  A defendant officially becomes a party, and is required to take action, only upon service of a summons, or other authority-asserting measure, which states the time a party served must appear and defend.  Fed. R. Civ. P. 4(a), 12(a)(1)(A).  When reviewing a motion for default judgment, the Court must "assess the adequacy of service of process on the party against whom default is requested" because improper service may explain a defendant's failure to appear in a lawsuit.  *Sanrio Co. v. J.I.K. Accessories*, No. C-09-0440 EMC, 2012 WL 1366611, at *2 (N.D. Cal. Apr. 19, 2012).

Service on foreign defendants is governed by Federal Rule of Civil Procedure 4(f).  On February 22, 2021, Plaintiffs filed an ex parte application for service by alternative means after

1  Defendants no longer responded to electronic mail.  (Dkt. No. 9.)  The Court denied the
2  application without prejudice on March 1, 2021.  (Dkt. No. 10.)  On April 9, 2021, Plaintiffs filed
3  a motion for extension of time to serve pleadings, which the Court granted on April 16, 2021.
4  (Dkt. Nos. 15, 18.)  Through a Registered Process Server, Plaintiffs personally served Charli
5  Blakely, Managing Agent at United Corporate Agents, on August 26, 2021.  (Dkt. No. 26; Dkt.
6  No. 29 at 2 ¶ 3.)

Plaintiffs state Charli Blakely "is designated by law to accept service of process on behalf of Defendants."  (Dkt. No. 29 at 2 ¶ 3.)  The Court requires additional information regarding this designation; specifically, how Defendants made this designation and under what law this designation applies.  Without this information, the record provides an insufficient basis to determine Defendants were properly served.

## II.  Default Judgment

In the Ninth Circuit, a court's analysis of a motion for default judgment is guided by the standard set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The Court is guided by the following seven factors:

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*  Plaintiffs did not address the *Eitel* factors in their Motion for Default Judgment.  (Dkt. No. 42); *see Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (1988) (discussing the legal sufficiency of the allegations contained in the complaint necessary for entry of default judgment).  Accordingly, Plaintiffs are ordered to file a supplemental brief addressing all seven *Eitel* factors.  Plaintiffs are to include particular information as required by specific *Eitel* factors discussed below.

**A.     Merits of Plaintiffs' Substantive Claims & Sufficiency of the Complaint**

The second and third *Eitel* factors require the plaintiff plead "facts sufficient to establish and succeed upon its claims." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). Facts not well-pleaded are not binding and cannot support default judgment. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). However, the Court is not required to make detailed findings of fact. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The bases for Plaintiffs' claims are not apparent from their Complaint and Motion for Default Judgment. Plaintiffs are seeking default judgment on four claims: misappropriation of trade secrets (statutory and common law), unfair business practices, and breach of contract. (Dkt. No. 1 at 2, 13, 14.) Plaintiffs' motion does not cite any statutes nor does it apply any facts to their claims.

Plaintiffs' Complaint seeks relief under two causes of action for misappropriation of trade secrets: one noted as being "statutory" and the other under common law. (Dkt. No. 1 at 13-14.) It is unclear whether Plaintiffs are claiming statutory misappropriation under federal or state law. In addition, "California recognizes claims for both common law and statutory unfair competition." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 961 (2009) (internal citations omitted). The Court is unable to determine whether Plaintiffs are seeking relief for their unfair business practices claim under a statute or under common law. Plaintiffs' Motion for Default Judgment must specifically identify each claim upon which it seeks judgment and apply facts alleged to each claim such that default judgment under the claim would be supported.

**B.     Money at Stake**

The fourth *Eitel* factor considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471-72. Default judgment is appropriate where it is tailored to the defendant's specific misconduct. *Tech. LED Intell. Prop., LLC*, No. 18-CV-03827-JSC, 2019 WL 2716610, at *4 (N.D. Cal. June 27, 2019). Unlike liability, the Court need not accept as true complaint allegations related to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

4

Plaintiffs have not established the amount at stake. In their application for default judgment, Plaintiffs state they are seeking "reservation of jurisdiction regarding monetary damages." (Dkt. No. 42 at 2 ¶ 3.) Plaintiffs are to identify the amount of money at stake in this litigation, even if with this motion they are not seeking judgment in a specific amount. The Court cannot analyze this *Eitel* factor without a representation as to the amount being sought. Plaintiffs should also explain what they mean by "reservation of jurisdiction regarding monetary damages" and cite authority for such a process.

### III.    Remedies

In their Motion for Default Judgment, Plaintiffs seek a permanent injunction, reservation of jurisdiction regarding monetary damages, attorney's fees, and costs. The Court requires additional information in order to assess Plaintiffs' request for a permanent injunction.

In order to receive a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MerchExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also, Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").

Plaintiffs do not address the permanent injunction standard, nor do they allege facts sufficient to fulfill the four-factor test. Plaintiffs shall support their request for permanent injunctive relief by addressing these four factors.

### CONCLUSION

Accordingly, the hearing scheduled for January 27, 2022 is VACATED. Plaintiffs shall file a supplemental brief in support of their Motion for Default Judgment by February 10, 2022. The Court will advise Plaintiffs if a hearing is necessary.

//

//

**IT IS SO ORDERED.**

Dated: January 26, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge